# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL JOSEPH DAVIS,<br><br>            Plaintiff,<br><br>     v.<br><br>BRIAN CLAUSSAN, MATT MATTHEWS, and SHANNON WATSON,<br><br>            Defendants. | Case No. 3:22-cv-00186-JMK |

## **NOTICE OF INTENT TO DISMISS**

On August 10, 2022, Michael Joseph Davis a self-represented prisoner ("Plaintiff"), filed a *Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983* ("Complaint"), a Civil Cover Sheet, a Motion to Waive Prepayment of the Filing Fee, and a Motion to Appoint Counsel.[1] On January 9, 2023, Plaintiff filed a Motion to Accept Discovery and submitted three thumb drives.[2]

The Court takes judicial notice that Plaintiff is a convicted prisoner in State of *Alaska v. Michael Joseph Davis,* Case Nos. 3AN-12-12425CR, 3AN-14-04063CR, and 3AN-14-10589CR.[3] The Court now screens Plaintiff's complaints in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

---

[1] Dockets 1–5.

[2] Docket 7.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for which relief may be granted, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief." A complaint should set out each claim for relief separately. Factual allegations

---

appropriate for judicial notice.") (internal quotation marks and citation omitted).

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 2 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 2 of 8

must not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]  While a complaint need not, and should not, contain every precise, factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[8]

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9]  Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]" [10]

## DISCUSSION

### I. Background

On April 29, 2022, the State of Alaska Parole Board revoked Plaintiff's mandatory parole and imposed 1,052 days of incarceration without a return to parole supervision.[11]  Prior to the revocation, the State of Alaska Parole Board held

---

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id.*

[9] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[11] State of Alaska Parole Board—Orders and Conditions, Mandatory Revocation Hearing 04/29/2022, Decision: Revoke; public record available at https://doc.alaska.gov/parole-board/

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 3 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 3 of 8

three preliminary hearings, on July 21, 2021, October 13, 2021, and November 17, 2021, all finding probable cause of alleged parole violations.[12]

Prior to the instant Complaint, Plaintiff filed three Habeas Petitions with this Court.[13] On January 23, 2013, Plaintiff filed a Writ for Habeas Corpus under 28 U.S.C. § 2254 ("2254").[14] The Court dismissed the Petition on May 8, 2013, finding that Mr. Davis had not met the "in custody" requirement of federal habeas law, and declined to issue a certificate of appealability.[15] Plaintiff filed another § 2254 Petition on April 4, 2022,[16] which was dismissed without prejudice on June 6, 2022 "in order for Mr. Davis to exhaust his state remedies."[17]

In the meantime, on May 3, 2022, Plaintiff filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241").[18] On July 11, 2022, the Court issued

---

orders-conditions.

[12] State of Alaska Parole Board—Orders and Conditions, Preliminary Hearing 07/21/2021, Decision: Probable Cause—Ordered incarcerated without bail pending final hearing; Preliminary Hearing 10/13/2021, Decision: Probable Cause—Ordered released pending final hearing with supplemental conditions of release; Preliminary Hearing 11/17/2021, Decision: Probable Cause—Ordered incarcerated without bail pending final hearing; public record available at https://doc .alaska.gov/parole-board/orders-conditions.

[13] A court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[14] *Davis v. State of Alaska,* Case No. 3:13-cv-00018-SLG (challenging his judgment of conviction in the Superior Court of the State of Alaska, Case No. 3AN-04-11682CR, for felony DUI and driving with a suspended license).

[15] *See* Dockets 9, 12.

[16] *Davis v. State of Alaska*, Case No. 3:22-cv-00073-SLG, Docket 1.

[17] *Id.* at Docket 6.

[18] *Davis v. State of Alaska*, Case No. 3:22-cv-00116-JMK, Docket 1.

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 4 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 4 of 8

an Order to Show Cause explaining to Plaintiff that challenges to parole revocation brought by state prisoners are properly brought under § 2254, and a prisoner cannot seek relief under § 2241 if he may seek relief under § 2254.[19] The Court cautioned that he would need to exhaust all state court remedies before pursuing any future or further action under § 2254.[20] Plaintiff chose to voluntarily dismiss that petition on July 26, 2022.[21] In his Response to the Order to Show Cause, Plaintiff indicated he would "file a notice of Voluntary Dismissal in order to pursue [his] possible state remedies, and refile [his] complaint [u]nder the Civil Rights Act 42 U.S.C. § 1983 [and § 2254] regarding [his] conviction or parole matters as a whole."[22]

On August 10, 2022, Plaintiff filed the instant Compliant under 42 U.S.C. § 1983, which as explained below, fails to plead sufficient facts to bring a claim which upon relief can be granted under § 1983. The Court takes judicial notice of Plaintiff's ongoing post-conviction proceedings.[23]

---

[19] Docket 6.

[20] Docket 6 at 9.

[21] Dockets 7–8.

[22] *Davis v. State of Alaska,* Case 3:22-cv-00116-JMK, Docket 7.

[23] *In the Matter of: Davis Jr, Michael Joseph vs. State of Alaska,* Case No. 3AN-21-07820CI, Docket Information entry dated 01/10/2023 ("Motion for Evidentiary Hearing" by Attorney Megan Rowe on behalf of Plaintiff).

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 5 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 5 of 8

## II. Complaint

Plaintiff brings this suit against three Department of Correction employees ("Defendants"), alleging violations of his right to be free from cruel and unusual punishment. Plaintiff's narrative seems to collaterally attack his parole revocation by calling into question statements and actions of probation officers that may have occurred before and during his Parole Revocation Hearings.[24] These allegations are almost identical to assertions made in his prior filings with this Court; and, in fact, in this Case, Plaintiff submitted the same 101 pages of exhibits he previously submitted with his § 2241 Petition in Case No. 3:22-cv-00116-JMK.[25]

Even construed liberally, the Complaint fails to state sufficient facts to support a claim under § 1983. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint.[26] The Ninth Circuit held that claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions.[27] When a § 1983 action necessarily would imply the invalidity of the conviction or sentence, it may not proceed.[28]

---

[24] Docket 1.

[25] Docket 1-1.

[26] See *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[27] *Id.* at 934.

[28] See *Heck*, 512 U.S. at 482–83.

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 6 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 6 of 8

Because Plaintiff's Complaint states a habeas claim instead of a § 1983 claim, the court must dismiss the claim without prejudice, rather than converting it to a habeas petition and addressing it on the merits.[29] In any event, Plaintiff has not yet exhausted his state remedies, so could not proceed on a § 2254 petition at this time. Accordingly, this action must be dismissed.[30]

Plaintiff should be cautioned that when a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff must be given a strike.[31] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[32] Therefore, in the interest of fundamental fairness, the Court will provide Plaintiff with **30 days to voluntarily dismiss this action**, in order to preserve his claims for later litigation and avoid receiving a strike.[33]

---

[29] *See Balisok*, 520 U.S. at 649; *Heck*, 512 U.S. at 487; *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997*)*; *Trimble*, 49 F.3d at 586.

[30] *See, e.g., Henderson*, 779 F.2d at 1424 (a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted); *Adriana International Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir.1990) (explaining despite all the elaboration of factors, it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning); *Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an order to show cause and giving the plaintiff an additional opportunity to re-plead).

[31] 28 U.S.C. § 1915(g).

[32] *Id.*

[33] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, maliciousness, or failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 7 of 8

Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 7 of 8

### III. Motion to Accept Discovery

With his initial filing, Plaintiff included three thumb drives. The three thumb drives were returned to Plaintiff because the Court had not opened discovery. On January 9, 2023, Plaintiff resent the three thumb drives with a Motion to Accept Discovery.[34] Discovery does not occur in every case and does not begin unless a scheduling order is issued. Here, the Court intends to dismiss Plaintiff's action. Because no operative claims exist, Plaintiff's Motion at Docket 9 is DENIED.

**IT IS THEREFORE ORDERED:**

1. Plaintiff has 30 days to voluntarily dismiss this action in order to preserve his claims for later litigation and avoid receiving a strike as required by 28 U.S.C. §1915(g).

2. If Plaintiff does not respond, the Court will dismiss the action per the required screening of 28 U.S.C. §§ 1915(e) and 1915A for the above stated reasoning and issue a strike against Plaintiff per 28 U.S.C. §1915(g).

3. Plaintiff's Motion to Accept Discovery is DENIED.

4. All other pending motions are DEFERRED.

5. The Clerk of Court is directed to send Plaintiff PS 90 Notice of Voluntary Dismissal and return Plaintiff's three thumb drives.

DATED this 13th day of January, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
UNITED STATES DISTRICT JUDGE

---

[34] Docket 7.

Case No. 3:22-cv-00186-JMK, *Davis v. Claussan et al.*
Notice of Intent to Dismiss
Page 8 of 8
Case 3:22-cv-00186-JMK   Document 8   Filed 01/13/23   Page 8 of 8